**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN D. SYARTO, individually, and on
behalf of all others similarly situated,

     Plaintiff,

v.

  DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

Case No. 1:20-cv-01812

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, JOHN D. SYARTO, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of Defendant, DIVERSIFIED CONSULTANTS, INC. as follows:

### NATURE OF THE ACTION

1.     Plaintiff is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     JOHN D. SYARTO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oak Forest, Illinois.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     DIVERSIFIED CONSULTANTS, INC. ("Defendant") is a corporation organized under the laws of Florida.

1

7.     Defendant has a principal place of business at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Plaintiff obtained wireless services through Cellco Partnership d/b/a Verizon Wireless ("Verizon").

11.     Plaintiff switched to another wireless service provider – leaving an unpaid balance.

12.     Plaintiff's unpaid balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Plaintiff's balance – once unpaid – was referred for collection.

14.     Weeks ago, Plaintiff started to received phone calls from Defendant.

15.     On February 28, 2020, Plaintiff answered.

16.     Defendant informed Plaintiff that they were seeking to collect on Plaintiff's unpaid Verizon debt.

17.     Plaintiff disputed that he owed this debt, then told Defendant "[s]top calling."

18.     Regrettably, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including, (312)500-1830; (312)500-1937; and (312)626-6617.

19.     To date, Plaintiff has not received anything in writing from Defendant regarding this debt.

20.     Defendant's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

2

21. In total, Defendant has placed no less than a dozen unconsented and unwanted collection calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

22. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

23. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

24. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLASS ALLEGATIONS

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Classes") defined as follows:

> *All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) within the one year preceding the date of this complaint through the date of class certification; (3) in connection with the collection of a consumer debt; (4) after he/she requested that Defendant cease calls to his/her telephone number.*

27. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3)

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

## A.    Numerosity

28.    Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

29.    The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

30.    The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

31.    The members of the Putative Classes are identifiable in that their names, addresses and telephone numbers can be identified in business records maintained by Defendant.

## B.    Commonality and Predominance

32.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes, and those questions predominate over any questions that may affect individual members of the Putative Classes.

## C.    Typicality

33.    Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

## D.    Superiority and Manageability

34.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

35.     The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

36.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

37.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

38.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

39.     Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

40.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLASS CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

42.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

43.     Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to stop. *See Chiverton v. Federal Financial Group, Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

44.     The phone calls at issue were intended to be annoying, abusive, or harassing.

45.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

C.      an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692d(5);

D.      an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.      an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.      an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.      an award of such other relief as this Court deems just and proper.

## INDIVIDUAL CLAIMS FOR RELIEF

### COUNT II:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

46.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

47.      Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)      the amount of the debt;

    (2)      the name of the creditor to whom the debt is owed;

    (3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48.     The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

49.     The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

50.     Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

51.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a), pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

        (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 15 U.S.C. § 1692g(a);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 16, 2020

Respectfully submitted,

**JOHN D. SYARTO**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com